UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KYONG BARRY**, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED FOOD AND COMMERCIAL WORKERS**, *et al.*<br><br>Defendants. | Case No. 1:24-cv-01137 (TNM) |

## MEMORANDUM ORDER

Plaintiffs Kyong Barry and Iris Scott move under Federal Rule of Civil Procedure 15 to amend their complaint. Mot. Amend, ECF No. 22, at 1. This Court previously dismissed their claims. *Barry v. United Food & Com. Workers*, 2024 WL 4664268, at *1 (D.D.C. Nov. 4, 2024). Defendants—the United Food and Commercial Workers union and two of its officers—oppose amendment. Mem. Opp'n, ECF No. 23. For the reasons below, the Court grants the motion to amend the complaint in part.[1]

Rule 15(a) provides that a court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). While this is a "liberal standard," a court should deny leave to amend if the process would be futile. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir.

---

[1] Technically, Plaintiffs file a threshold motion under Federal Rule of Civil Procedure 59(e) for an amendment of the Court's prior dismissal. Mot. Amend at 1. They think this necessary because they construe the prior dismissal as being with prejudice. *Id.* True, a dismissal with prejudice would require an amendment of the judgment so the Court could consider the motion to amend the complaint. But these procedural moves are needless here. The previous dismissal was without prejudice. *See* Order Granting Mot. Dismiss, ECF No. 21; *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012) ("Dismissal with prejudice is the exception, not the rule, in federal practice.") (cleaned up). So plaintiffs may file a motion to amend the complaint under Rule 15. *Attias v. Carefirst, Inc.*, 865 F.3d 620, 625 (D.C. Cir. 2017) ("By dismissing without prejudice, a district court leaves the plaintiff free to return later to the same court with the same underlying claim.").

1996). Amendment is futile where the updated complaint would not survive a motion to dismiss, meaning it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hall & Assocs. v. Env't Prot. Agency*, 956 F.3d 621, 630 (D.C. Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The defendant has the burden of showing why leave to file an amended complaint should not be granted. *Smith v. Cafe Asia*, 598 F. Supp. 2d 45, 48 (D.D.C. 2009).

For the most part, Barry and Scott have not meaningfully ameliorated their complaint's deficiencies. Take their claims about the local union practices that they insist undercut their right to an equal vote. Amend. Compl., ECF No. 22-1, at ¶¶ 89–91, 92–94. Nothing in the amended complaint addresses the Court's initial conclusion that Barry and Scott lack standing to bring these allegations. Once again, nothing shows that they have personally experienced the complained-of practices, nor have Barry and Scott shown that the locals' behavior is fairly traceable to the UFCW. *Barry*, 2024 WL 4664268, at *6. The same is true for the allegations that the union has restricted its members' right to express their views. Amend. Compl. ¶¶ 95–97. Barry and Scott still "fail to allege that their own voices have been silenced on any occasion." *Barry*, 2024 WL 4664268, at *7. So for these claims, amendment would be futile.

Likewise for the *ex officio* delegate allegation. For that count, the Court had found that Barry and Scott have standing but that their assertion fails on the merits because the challenged constitutional provision does not render their votes meaningless. *Id.* at *9. The amended complaint provides nothing new that could change this legal conclusion. So permitting amendment as to this claim would be fruitless.

Not so for the delegate apportionment claim. For this allegation, Barry and Scott insist that the UFCW's method of nonproportional allocation of delegates violates their guarantee to an

equal vote under section 101(a)(1) of the Labor Management Reporting Disclosure Act (LMRDA). Amend. Compl. ¶ 82. Originally, the Court dismissed this count for want of standing, finding that Barry and Scott did not show that they "personally suffered harm from the apportionment algorithm" because "[t]hey never indicate[d] their respective voting power, or its relative devaluation compared to members in other locals." *Barry*, 2024 WL 4664268, at *4. It also found that they "failed to show that the alleged harm resulting from the apportionment scheme is imminent, rather than conjectural or hypothetical." *Id.* at *5 (cleaned up). The Court highlighted that the "alleged voter dilution could disappear" before the next election in 2028, as the "local[s] could break up into multiple smaller chapters, or dramatically dwindle in size." *Id.* Or Plaintiffs "could switch locals in the interim." *Id.*

The amended complaint cures these ills. The revised pleading newly details Barry's voting power relative to that of members in other locals. Amend. Compl. ¶¶ 23–33. And it plausibly alleges Barry is unlikely to leave her local in the next three years, nor is her local likely to meaningfully change in size. Amend. Compl. ¶¶ 58–79. Thus the amended complaint credibly adduces allegations sufficient to make out Barry's standing.[2]

Defendants argue that even if Barry has plausibly alleged that she has standing for the delegate apportionment claim, it is unavailing. According to Defendants, permitting amendment would still be futile because the claim would fail on the merits. Mem. Opp'n at 4–5. But Defendants have not convinced the Court that the delegate apportionment claim is bound to founder. *See Foman v. Davis*, 371 U.S. 178 182 (1962) ("[A plaintiff] ought to be afforded an opportunity to test his claims on the merits."). Unaddressed questions linger that must be hashed

---

[2] "It is well-established that a court need not consider the standing of the other plaintiffs when at least one plaintiff has standing." *Tuaua v. United States*, 951 F. Supp. 2d 88, 92–93 (D.D.C. 2013), *aff'd*, 788 F.3d 300 (D.C. Cir. 2015).

out in future briefing. For one, the parties have yet to discuss whether an allegation of malapportionment fits within Title I of the LMRDA, or whether Title IV is the appropriate vehicle for such a claim. *See Conille v. Council 93, Am. Fed. State, County & Municipal Emps.*, 973 F.3d 1, 9 (1st Cir. 2020) (acknowledging that an allegation of unequal representation under the LMRDA is "something of a hybrid" and not clearly within Title I or IV). And Defendants do not adequately rebut Scott and Barry's assertions that the delegate apportionment scheme is not a "reasonable rule[] [or] regulation[]" under the LMRDA because it was enacted for a discriminatory purpose. Amend. Compl. ¶ 2. Thus at this stage of the litigation, "the Court concludes that Defendants have not met their burden to show a colorable basis for denying leave to amend." *2910 Georgia Ave. LLC v. District of Columbia*, 312 F.R.D. 205, 215 (D.D.C. 2015). And so the delegate apportionment claim must go forward.

***

To sum up, the Court **ORDERS** that the Motion to Amend the Judgment by the Plaintiffs is **DENIED AS MOOT**. And it also **ORDERS** that the Motion to Amend the Complaint by the Plaintiffs is **GRANTED IN PART**. That means the Plaintiffs have one live claim before this Court: their assertion that the delegate apportionment scheme violates their right to an equal vote under the LMRDA. Amend. Compl. ¶¶ 80–84.

**SO ORDERED**.

Dated: February 6, 2025                                             TREVOR N. McFADDEN, U.S.D.J.